1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| EDEN RODRIGUEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>CAREFUSION CORPORATION; CARDINAL HEALTH, INC.; PYXIS CORPORATION; CARDINAL HEALTH ALARIS PRODUCTS; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 09CV2137 JM (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER**<br><br>[Doc. No. 7] |
|---|---|

  For good cause shown, the court **GRANTS** the parties' joint motion to enter a protective order, and enters the stipulated protective order subject to the modification in paragraph 28.

  Upon agreement of counsel and deeming it just and proper to do so, it is hereby ordered that:

  1. This Protective Order shall govern the use and dissemination of all information, documents, and/or materials as may be produced by the parties and/or admitted into evidence during deposition or trial within the above-captioned action.

  2. Discovery in this action may involve disclosure of trade secrets, confidential research, development or commercial information, proprietary materials including manuals, business strategies, financial data, client and vendor information, marketing plans, medical information pertaining to any party, confidential employee and salary information, computer software programs,

-1-  Case No. 09CV2137 JM (NLS)

ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

1  and other confidential, proprietary or non-public business, technical, employee, and financial
2  information as is contemplated by Federal Rule of Civil Procedure 26(c)(7). This Stipulation and
3  Protective Order shall govern the production in this action of all documents or other information
4  through formal discovery procedures, including, without limitation, documents in written or
5  electronic form produced as initial disclosures, in response to requests for production of documents,
6  answers to special interrogatories, requests for admission, and deposition or other oral testimony
7  (collectively "Discovery Materials"). This may include but shall not be limited to correspondence,
8  memoranda, notes, deposition transcripts and exhibits, business plans, training materials, policies
9  and procedures, financial records, requisition files, personnel records, medical records, marketing
10 materials, third-party contracts, income tax returns, sales invoices and other sales information.

11        3.     This Order is entered solely for the purpose of facilitating the exchange of documents
12 and information between the parties to this action without involving the Court unnecessarily in the
13 process. Nothing in this Order or the production of any information or documents under the terms of
14 this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an
15 admission or waiver by either party on the merits of this action.

16        4.     Nothing in this Protective Order shall be deemed to restrict in any manner the use by
17 any party of any information in its own documents and materials.

18        5.     The term "counsel" or "attorney" shall mean outside counsel of record, and other
19 attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:
20              Law Offices of Suzy C. Moore, 4730 3rd St., Suite B, La Mesa, CA 91941
21              Wilson Turner Kosmo LLP, 550 West C St., Suite 1050 San Diego, CA 92101
22              "Counsel" or "attorney" shall also include in-house attorneys for Defendant.

23 **CONFIDENTIAL INFORMATION:**

24        6.     Any document, thing, material, testimony, or other information derived therefrom,
25 and any other form of evidence which, in the good-faith opinion of the party providing such
26 discovery material ("Producing Party"), contains any trade secret or other confidential or proprietary
27 information or any information that involves privacy concerns regarding any third party, any party or
28 the employee, officer, director or representative of a party may be designated by the Producing Party

-2-                     Case No. 09CV2137 JM (NLS)
ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

as "CONFIDENTIAL INFORMATION." Confidential Information, designated as such in accordance with this Stipulation and Protective Order, shall be used by the party who has propounded the discovery request seeking the Confidential Information ("Requesting Party") only for the purposes of preparation of this matter for trial and may be disclosed or made available only to persons specified in paragraph 9 herein.

7. Confidential Information may be identified and made subject to this Order as follows:

(a) with respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential Information appears with the legend "CONFIDENTIAL. SUBJECT TO PROTECTIVE ORDER."

(b) testimony or information disclosed at a deposition, conference or hearing may be designated by a party as Confidential Information by indicating on the record at the deposition, conference or hearing the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a party may designate testimony or information disclosed at a deposition or other proceeding as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing or conference, at which a party intends to use the transcript or information), of the specific pages and lines of the transcripts that are to be designated Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition or other proceeding, all depositions or other transcripts shall be treated as Confidential Information from the taking of the deposition or other proceeding until within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing, or conference at which a party intends to use the transcript or information), or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(c) in the case of responses to interrogatories, responses to other discovery requests, affidavits, briefs, memoranda or other papers filed with the Court, information contained

1  therein may be designated as Confidential Information by prominently marking such papers "CONFIDENTIAL";

(d) tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL. SUBJECT TO PROTECTIVE ORDER."

8. Notwithstanding the foregoing, any employee, agent, advisor, representative or person affiliated with a party who is not qualified to receive Confidential Information under Paragraph 9 herein may attend a deposition or other proceeding at which Confidential Information may be disclosed. In such event, a party seeking to designate Confidential Information must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition or other proceeding that such Confidential Information is subject to the provisions of this Order. The party making such designation shall have the right to exclude such persons from the deposition or other proceeding only during the period any Confidential Information is disclosed or discussed.

9. Confidential Information produced pursuant to this Order to Requesting Party may be disclosed or made available by that party only to:

(a) the Requesting Party (and their officers, directors, managing agents or other representatives who are engaged in or are assisting in the preparation of this action for trial or other resolution, except as otherwise provided herein), provided that it has executed this Protective Order;

(b) the Court and its officers, any special master, referee or mediator authorized to act in this proceeding;

(c) counsel of record in this action and their employees or employee equivalents (e.g., contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this action for trial or other resolution;

(d) independent experts or consultants retained by counsel or the Requesting Party with respect to preparation of this action for trial or other resolution, and their employees or employee equivalents who are assisting such experts or consultants with respect to the preparation of this action for trial or other resolution, subject to disclosure of the identity of such expert(s) or

consultant(s) to the producing party, and that person's execution of the form set forth as Exhibit A;

   (e) court reporters and their staff, to the extent necessary to perform their duties;

   (f) a witness at any deposition or other proceeding in this action; and

   (g) any other person to whom the parties agree in writing.

 10. With respect to material being designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

**ATTORNEYS' EYES ONLY:**

 11. Any Producing Party may further designate certain discovery material or testimony which contains financial information and/or corporate ownership information of a highly confidential and/or proprietary nature or employee information of a highly confidential or private nature such as employee disciplinary matters, salary information and/or other private information as "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 1 through 6, above, except that the applicable legend for such information shall be: "ATTORNEYS' EYES ONLY. SUBJECT TO PROTECTIVE ORDER."  Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, counsel for the Requesting Party (including the paralegal, clerical, and secretarial staff employed by such counsel) to the above-captioned litigation, and other persons identified in paragraph 9(d) above but shall not be disclosed to the Requesting Party itself, or to an officer, director or employee of Requesting Party, or anyone else unless otherwise agreed to in writing or ordered.  The procedures regarding disclosure of Confidential Material at a deposition set forth in paragraph 7(b) shall apply to Discovery Material designated under this paragraph.

**GENERAL PROVISIONS**

 12. Material designated under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from designated Confidential or Attorneys' Eyes Only Information, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

-5- Case No. 09CV2137 JM (NLS)
ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

13. A copy of this Protective Order shall be served with any subpoena or deposition notice compelling the production of documents or information from any third party.

14. A condition precedent to disclosure of any Confidential or Attorneys' Eyes Only Information to any experts or consultants as provided for in paragraph 9(d) or any Confidential Information to any witness provided for pursuant to paragraph 9(f) or the person whom the parties agree may receive information under paragraph 9(g) is that person must: acknowledge receipt of this Order; agree to be bound thereby; agree to use such information and materials solely for this litigation; agree not to disclose any such information or materials to any other person, firm, or concern; and agree never to use the information, directly or indirectly, in competition with the party that disclosed it nor allow any other person to do so.

15. Each expert or consultant to whom Confidential or Attorneys' Eyes Only Information is to be provided pursuant to paragraph 9(d), each witness to whom Confidential Information is to be provided pursuant to paragraph 9(f) and each person to whom the parties may agree pursuant to paragraph 9(g) shall execute a declaration acknowledging the foregoing in the form set forth in Exhibit A. Counsel for the party obtaining a person's signature to Exhibit A shall retain the original signed and dated acknowledgment.

16. The parties agree, pursuant to the procedure set forth in ¶ 25 of this Order, to seek leave of Court to file all documents and materials related to Discovery motions or proceedings under seal. If the Court grants leave, all documents and materials filed with the Court in matters related to discovery motions or proceedings, including, but not limited to, deposition transcripts, exhibits, discovery responses, briefs or memoranda, which comprise or contain Confidential or Attorneys' Eyes Only Information shall be filed with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable Rules of Court, on which shall be endorsed the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED _____."

17. In all matters other than discovery motions or proceedings, the party seeking to submit Confidential or Attorneys' Eyes Only Information will seek an order of this Court permitting that party to file materials under seal as described in ¶ 25 herein, then will lodge any documents or materials which comprise or contain Confidential or Attorneys' Eyes Only Information with the Court in sealed envelopes or other appropriately sealed containers, complying with all applicable rules of Court, on which shall be endorsed the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the phrase "CONFIDENTIAL," and a statement the materials in the sealed envelope or container are "LODGED CONDITIONALLY UNDER SEAL PURSUANT TO COURT ORDER IN THIS ACTION DATED _____." That party shall personally serve the opposing party with the lodged documents on the date of any lodgment. The party will either contemporaneously move to seal these records or provide written notice to the Producing Party that it does not intend to bring such a motion. The party that designated the Confidential or Attorneys' Eyes Only Information will then have 10 court days to seek an order of the Court, or an order extending time to seek the same, that these documents or material be filed under seal. Any motion to seal shall comply with all applicable rules of Court. If the party who initially designated the Confidential or Attorneys' Eyes Only Information does not object to its being filed in the Court's public record, it will notify counsel for the opposing party. Upon such notification, or if no notification is provided within the time set forth above, the filing party may then file with the Court the documents or material previously lodged.

18. Confidential or Attorneys' Eyes Only Information obtained from a Producing Party pursuant to pretrial discovery in this action, may be used and disclosed only for purposes of this action. No person or party shall make any other use of any such Information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a Court order. All Confidential Information shall be held in confidence by those inspecting or receiving it. Counsel for each party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately

bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential or Attorneys' Eyes Only Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like.

20. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved by stipulation between the parties within ten (10) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designated party, until the Court has ruled on the objection or the matter has otherwise been resolved.

21. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential or Attorneys' Eyes Only Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

22. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

23. Upon final termination of this action, including any and all appeals, this Court and counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides within 90 days of the final termination of this action. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda,

motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations herein shall not apply to any information that: (a) the parties agree should not be designated as Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. In the event a party wishes to have documents filed under seal, that party shall first seek an order from the Court granting permission to file said material under seal in accordance with the United States District Court, Southern District of California Local Rule 79.2. That party shall also take all reasonable steps to preserve the continued confidentiality of that material. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

26. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

1  27. Transmission by facsimile is acceptable for all notification purposes herein.

2  28. This Order may be modified by agreement of the parties, subject to approval by the Court. Further, the Court may modify the Protective Order in the interests of justice or for public policy reasons.

3  29. This Order has been entered into by the parties to facilitate discovery and production of relevant evidence in this action. Neither the entry into this Stipulation nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

4  30. This Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

5  31. This Stipulation and Protective Order shall not apply to the introduction or presentation of evidence at the trial of this matter. The parties agree to meet and confer regarding a procedure at trial for maintaining the confidentiality of Confidential and Attorneys' Eyes Only information and, if necessary, seek the Court's assistance for the same. The provisions of this protective order are subject to further court order, based upon public policy and other considerations.

We hereby stipulate to the entry of the foregoing Order.

**IT IS SO ORDERED.**

Dated: January 19, 2010

_____
Nita L. Stormes
U.S. Magistrate Judge

-10-    Case No. 09CV2137 JM (NLS)
ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

**ATTACHMENT A**

<u>AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER</u>

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Stipulated Protective Order entered in <u>Eden Rodriguez v. CareFusion Corporation, et al.</u>, Southern District of California Case No. 09CV2137 JM (NLS). I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____

_____
Signature

_____
Print Name

_____
Title